Matter of Wellman (2024 NY Slip Op 01780)

Matter of Wellman

2024 NY Slip Op 01780

Decided on April 02, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Peter H. Moulton
David Friedman
Saliann Scarpulla
Marsha D. Michael, JJ.

Motion No. 2023-05649 Case No. 2023-06666 

[*1]In the Matter of Lisa A. Wellman, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lisa A. Wellman (OCA ATTY. REG. NO. 2334118), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Lisa A. Wellman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on March 27, 1990 and suspended by order of this Court entered on August 23, 2022.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Gillian C. Gamberdell, Esq., of counsel), for petitioner.
Respondent, pro se.

PER CURIAM 

Respondent Lisa A. Wellman was admitted to the practice of law in the State of New York by the Third Judicial Department on March 27, 1990. She was also admitted in Vermont and New Hampshire. Respondent's last registered address is in New Hampshire, but the Third Judicial Department has ceded jurisdiction in this matter to the First Judicial Department, where respondent previously maintained a registered address for the 2000—2001 biennial period (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
The Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, disbarring respondent from the practice of law based upon similar discipline imposed upon her by the State of New Hampshire, or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent, although she acknowledges having been duly served, has not appeared in response to AGC's application.
In August 2022, respondent was referred to the Attorney Discipline Office (ADO) of the New Hampshire Supreme Court after two checks for filing fees issued from her operating account were dishonored due to insufficient funds. In February 2023, ADO, with respondent's assent, filed a petition seeking respondent's summary suspension from the practice of law, based on the misconduct detailed in the petition. In March 2023, ADO and respondent entered into a "Stipulation to Disbarment" (the stipulation), in which respondent admitted that she had engaged in the misconduct charged in the petition, in violation of numerous provisions of the New Hampshire Rules of Professional Conduct, and conceded that disbarment was the appropriate sanction for such wrongdoing. Based on the stipulation, the Professional Conduct Committee (PCC) of the New Hampshire Supreme Court filed a recommendation that respondent be disbarred. Thereafter, by order dated May 31, 2023, the New Hampshire Supreme Court disbarred respondent.[FN1]
In the aforementioned May 2023 order, the New Hampshire Supreme Court noted that respondent was being disbarred for the following misconduct, to which she had admitted in the stipulation:
"[Respondent] mishandled client funds in two client matters, as she was out of trust in the amount of $13,831.36 for one client and $5,790.19 for another client. She was [*2]dishonest regarding the amounts she held in trust for these clients with third parties who sought to intercede on these clients' behalf, and could not write checks to these clients for funds due to them without first 'replenishing' her IOLTA [client trust account] with personal funds (i.e. commingling)."
In a proceeding seeking reciprocal discipline under 22 NYCRR 1240.13(b), respondent may raise the following defenses: (1) that the attorney did not receive notice or an opportunity to be heard in the foreign jurisdiction to such an extent that he or she was deprived of due process; (2) that there was an infirmity of the proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
None of the enumerated defenses to reciprocal discipline could prevail here. First, in the stipulation, respondent admitted that she had received notice of the charges against her and that she was "knowingly and intelligently waiv[ing] her right to a hearing." Second, the evidence submitted by ADO, including respondent's admissions, amply supported the New Hampshire Supreme Court's findings of misconduct. Finally, respondent's misconduct in New Hampshire would also constitute misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.4(a)(3), 1.4(a)(4), 1.15(a), 1.15(c)(4), 1.15(d)(1)(i), 1.15(d)(1)(ii), 1.15(d)(2), 1.15(j), 4.1, 8.4(a), 8.4(c), and 8.4(d).
With respect to the sanction, this Court generally defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for the misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Here, disbarment is the appropriate sanction because it is commensurate with the discipline imposed by New Hampshire and is consistent with precedent of this Court imposing that sanction for similar misconduct (see e.g. Matter of Carlos, 192 AD3d 170, 172 [1st Dept 2021]; see also Matter of Karambelas, 203 AD3d 75, 81 [1st Dept 2022]; Matter of Arnold, 180 AD3d 72, 76 [1st Dept 2019]; Blumenthal, 165 AD3d at 86).
Accordingly, AGC's motion for an order disbarring respondent pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline should be granted and respondent is hereby disbarred and her name stricken from the roll of attorneys and counselors-at-law in the State of New York.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the New Hampshire Supreme Court, is granted, and respondent Lisa A. Wellman is disbarred, and her name is stricken [*3]from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Lisa A. Wellman is: (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding herself out in any way as an attorney and counselor-at-law; (2) forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board or commission or other public authority; and (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent Lisa A. Wellman is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof, and
It is further Ordered that if respondent Lisa A. Wellman has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: April 2, 2024

Footnotes

Footnote 1: 
Based on respondent's discipline in New Hampshire, the State of Vermont has imposed reciprocal discipline and disbarred her as well.